UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELDON ALBERT LANIER,

    Petitioner,

v.                                                            Case No.  8:07-cv-499-T-17TGW

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.

_____

## **ORDER**

THIS CAUSE is before the Court on Eldon Albert Lanier's 28 U.S.C. § 2254 petition for writ of habeas corpus. Lanier[1] challenge his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.

BACKGROUND

On June 1, 2000, the State Attorney filed an Amended Information charging Lanier with one count each of armed kidnaping (Count 1), attempted murder (Count 2), aggravated battery (Count 3), sexual battery (Count 4), felon in possession of a firearm

---

[1] Petitioner is also knownas Eldon Albert Lenier.

(Count 5) possession of a controlled substance (Count 6), and battery on a victim over 65 years of age (Count 7). (Exh 19: Vol. 1: R 5-11).[2] The case proceeded to jury trial before the Honorable J. Rogers Padgett, Circuit Judge, on October 23, 2000. Lanier was represented by Assistant Public Defenders Mark Reinhold and Charles Inman. The jury found Lanier guilty of the lesser included offense of kidnaping, aggravated battery, felon in possession of a firearm, and battery. (Exh 19: Vol. 1: R 72-74). The jury found Lanier not guilty of attempted murder and sexual battery, and the State nolle prossed the charge of possession of a controlled substance.

On October 30, 2000, the court sentenced Lanier to thirty years incarceration for kidnaping, fifteen years incarceration for aggravated battery consecutive to the kidnaping sentence, and fifteen years incarceration for felon in possession of a firearm, concurrent with the aggravated battery sentence. The court sentenced Lanier to time served on the charge of battery of a victim over 65. (Exh 19: Vol. 1: R 77-86).

Lanier pursued a direct appeal. Richard T. McKendrick, the Assistant Public Defender assigned to represent him on appeal, filed an initial brief (Exhibit 1), raising one issue:

> WHETHER A DEFENSE ATTORNEY'S OBJECTIONS CAN BE USED, BY THE PROSECUTOR, AGAINST THE DEFENDANT TO SHOW THAT DEFENDANT WAS ATTEMPTING TO KEEP THE TRUTH FROM "COMING OUT?"

The State filed an answer brief. (Exhibit 2). On January 25, 2002, in Case No. 2D00-4985, the Second District Court of Appeal filed an unwritten per curiam opinion

---

[2] Respondent filed the five-volume record on direct appeal as Exhibit 19.

affirming Lanier's convictions and sentences. (Exhibit 3). *Lanier v. State*, 810 So. 2d 940 (Fla. 2d DCA 2002)[table].

On February 17, 2004, Lanier filed in the state district court of appeal a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. (Exhibit 5). Lanier raised three allegations, claiming appellate counsel was ineffective for failing to raise in the initial brief the issues that: (1) the trial court erred in giving the jury instruction for kidnaping that included an element of intent that was not charged in the information, resulting in a conviction of Petitioner for a crime that was not charged; (2) the trial court erred in failing to give the necessarily lesser included offense instruction of false imprisonment to the charge of kidnaping; (3) the jury verdicts were inconsistent as to armed kidnaping and possession of a firearm by a convicted felon.    The State filed a response to the petition, with record exhibits, on or about April 30, 2004. (Exhibit 6). Lanier later filed a reply to the State's response. (Exhibit 7). On August 24, 2004, in Case No. 2D04-731, the Second District Court of Appeal filed an order denying the petition alleging ineffective assistance of appellate counsel without discussion. (Exhibit 8).

On February 10, 2004, a week before he filed the habeas petition in the appellate court, Lanier filed a pro se Motion for Postconviction Relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Exhibit 9). Lanier raised seven allegations of ineffective assistance of trial counsel. On October 28, 2004, the trial court issued an order summarily denying grounds 1, 6(a), 6(b), and 7 of the motion, and directed the State to respond to grounds 2, 3, 4, 5, and 6(c). (Exhibit 10). The State

filed its response on February 1, 2005, conceding a hearing was necessary as to the remaining grounds. (Exhibit 11).

An evidentiary hearing was conducted before the Honorable William Fuente, Circuit Judge, on June 16, 2005. (Exhibit 12). Lanier was represented by court-appointed counsel, Rick Terrana, Esquire. On September 26, 2005, the court issued its final order denying postconviction relief. (Exhibit 13). Lanier appealed the adverse rulings. His appointed counsel, Joseph Gardner Dato, Esquire, filed an initial brief (Exhibit 14) raising three issues:

> Issue I: WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR FAILURE TO MOVE COURT TO VACATE AND SET ASIDE THE KIDNAPING GUILTY VERDICT BECAUSE IT WAS NOT A LESSER INCLUDED OFFENSE OF THE CRIME CHARGED IN COUNT I OF THE INFORMATION, NOR CHARGED IN ANY OTHER COUNT, AND FOR FAILING TO OBJECT TO THE ERRONEOUS JURY INSTRUCTIONS AND VERDICT FORM.
>
> Issue II: WHETHER THE TRIAL COUNSEL WAS INEFFECTIVE FOR FAILURE TO MOVE TO SEVER THE FELON IN POSSESSION OF FIREARM COUNT FROM THE OTHER CHARGES.
>
> Issue III: WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR FAILURE TO OBJECT TO A PROSECUTORIAL COMMENT DURING CLOSING THAT DEFENSE COUNSEL HAD "CUT OFF" STATE'S WITNESSES FROM TESTIFYING, WHICH IMPROPERLY SHIFTED THE BURDEN OF PROOF TO THE DEFENSE.

The State filed its answer brief. (Exhibit 15). On December 27, 2006, in Case No. 2D06-38, the Second District Court of Appeal filed a per curiam silent affirmance of the denial of the motion for postconviction relief. (Exhibit 16). *Lanier v. State*, 946 So. 2d 22 (Fla. 2d DCA 2006)[table]. The court issued its mandate on January 7, 2007. (Exhibit 17).

Lanier signed the original § 2254 petition on March 19, 2007. (Doc. 1). He signed the amended petition on April 16, 2007. Lanier raises three claims of ineffective assistance of counsel: (1) appellate counsel was ineffective by failing to raise constitutional denial of due process, to include denial of a fair and impartial trial, where the trial court erred in instructing the jury; (2) trial counsel was ineffective by waiving the necessarily included offense jury instruction of false imprisonment without Lanier's consent; (3) trial counsel was ineffective by failing to argue that the jury verdicts were inconsistent.

## Petition Is Time-Barred

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Lanier's judgment became final on April 25, 2002, ninety days after his conviction and sentence were affirmed on appeal on January 25, 2002. *See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002)(one-year limitations period for Florida

prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from state high court's denial of discretionary review); *Chavers v. Secretary*, Fla. Dept. of Corrections, 468 F.3d 1273 (11th Cir. 2006)(confirming that the one-year statute of limitations begins to run 90 days after the appellate court's affirmance, rather than 90 days after the mandate was issued). Accordingly, absent any collateral proceeding that tolled the federal statutory time period, Lanier's federal habeas was due on or before April 24, 2003.

Lanier properly filed his Rule 3.850 motion for postconviction relief on February 10, 2004, and filed his state habeas corpus petition on February 17, 2004. However, neither proceeding tolled the limitations period because they were both filed approximately ten months after the one-year period had expired on April 24, 2003. Any collateral applications filed after expiration of the one-year period, even if properly filed, have no tolling effect. See *Tinker v. Moore*, 255 F.3d 1331 (11th Cir. 2001), where the Eleventh Circuit, quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991 (2000), held that a state court petition that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." *Id.* at 1333.

In the present amended petition, Lanier wrote "N/A" in the section inquiring about the timeliness of the petition. (See § 2254 petition at p. 14). It was possible Lanier believed the federal petition is timely because it was filed within one year after the Rule 3.850 postconviction became final. However, in his reply brief, Lanier agrees that the petition is time-barred.

Even though Petitioner's state habeas petition and Rule 3.850 motion may have been timely under state law, they were filed beyond the one-year deadline of § 2244, and cannot toll the statutory period or "reinitiate" the time period. *See Webster v. Moore, supra,* 199 F.3d at 1259. Moreover, Lanier fails to allege, much less demonstrate, that he is entitled to the extraordinary remedy of equitable tolling. Lanier has not alleged any facts which would show that, with due diligence, he was prevented from filing the federal petition in a timely manner.

Accordingly, the Court orders:

That Lanier's petition is denied, as time-barred.  The Clerk is directed to enter judgment against Lanier and to close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322,

335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 20, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Eldon Albert Lanier